

**ORDERED in the Southern District of Florida on January 16, 2009.**

　　　　　　　　　　　　　　　　　　　　Paul G. Hyman, Chief Judge
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

```
In re:                                CASE NO.: 07-16853-PGH

Melanie H. Cabot,                     Chapter 7

     Debtor.
_____/
```

### MEMORANDUM OPINION DENYING CREDITOR INFOSAGE, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE DEBTOR'S AMENDED OBJECTION TO PROOF OF CLAIM NO.2

**THIS MATTER** came before the Court on December 5, 2008, upon *Creditor InfoSage, Inc.'s Motion for Partial Summary Judgment on the Debtor's Amended Objection to Proof of Claim No. 2* ("Motion for Partial Summary Judgment")[D.E. 417].

### PROCEDURAL POSTURE

InfoSage, Inc.'s (the "Creditor") Motion for Partial Summary

Judgment seeks summary judgment as to Melanie H. Cabot's (the "Debtor") liability on the claims set forth in Proof of Claim No. 2.  On December 19, 2008, the Debtor filed a *Response to Creditor InfoSage, Inc.'s Motion for Partial Summary Judgment on the Debtor's Amended Objection to Proof of Claim No. 2* [D.E. 440].  On December 31, 2008, the Creditor filed a *Reply to Debtor's Response to Motion for Partial Summary Judgment on the Debtor's Amended Objection to Proof of Claim No. 2* [D.E. 451].  The Creditor and Debtor filed a *Joint Stipulation of Facts Relating to InfoSage, Inc.'s Motion for Partial Summary Judgment on the Debtor's Amended Objection to Proof of Claim No. 2* on December 22, 2008 [D.E. 445].

**UNDISPUTED FACTS**

The Debtor filed for Chapter 7 bankruptcy relief on August 27, 2007.  On January 10, 2008, the Creditor filed a proof of claim against the Debtor's estate in the amount of $244,193 plus additional damages, attorneys fees, and costs recoverable under Civil Action No. 05-4042D filed in a Massachusetts Superior Court ("Claim No. 2").  On July 1, 2008, the Debtor filed an *Objection to Proof of Claim No. 2* [D.E. 187], stating "[t]he debtor disputes liability for the claims asserted and disputes the creditor has been damaged.  The debtor recommends that Claim No. 2 be stricken in its entirety."  The Creditor filed a *Response*

*Contesting Debtor's Objection to Claim* on August 7, 2008 [D.E. 258]. On September 18, 2008, the Creditor, along with two other creditors, filed a *Motion to Dismiss and/or Strike Debtor's Objections to Claim Nos. 1, 2 and 3* [D.E. 308]. On October 7, 2008, the Court entered an *Order Denying Creditors' Motion to Dismiss and/or Strike Debtor's Objections to Claim Nos. 1, 2 and 3* [D.E. 337].

On September 25, 2008, the Debtor filed an *Amended Objection to Proof of Claim No. 2* ("Amended Objection")[D.E. 327], stating:

> Claimant sued the debtor in state court alleging the debtor caused the claimant damages with regard to a failed business venture to publish and market a guide to Boston parking.  Claimant alleges it is entitled to various damages including damages resulting from misappropriating assets, property, intellectual property, ideas, and proprietary information. Claimant has failed to specifically substantiate or provide any supporting documentation to substantiate any alleged damages. The debtor recommends that claim number 2 be stricken in its entirety.

On October 24, 2008, the Creditor filed a *Response Contesting Debtor's Amended Objections to Claim* [D.E. 355].  Prior to the evidentiary hearing scheduled for the objection to claim, on December 8, 2008, the Debtor filed a *Second Amended Objection to Proof of Claim No. 2* ("Second Amended Objection")[D.E. 422], which states:

> Claimant sued the debtor in state court alleging the debtor caused the claimant damages with regard to a failed business venture to publish and market a guide to Boston parking.  Claimant alleges it is entitled to various damages including damages resulting from

> misappropriating assets, property, intellectual
> property, ideas, and proprietary information. Claimant
> has failed to provide a sufficient legal basis to
> establish liability or to substantiate any alleged
> damages.  The debtor disputes liability and damages.
> The debtor recommends that claim number 2 be stricken
> in its entirety.

Thus, the Debtor's Amended Objection disputes only the issue of damages.  However, the Debtor's Second Amended Objection disputes both liability and damages.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### A.    Applicability of Fed. R. Civ. P. 15 to this Contested Matter

Once a debtor files an objection to a creditor's proof of claim, the validity of the claim becomes a contested matter.  *In re Gilbreath*, 395 B.R. 356, 364 (Bankr. S.D. Tex. 2008)(citations omitted).  Rule 9014 of the Federal Rules of Bankruptcy Procedure addresses contested matters.  Specifically, Rule 9014(c) states that "[e]xcept as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, and 7071."  Fed. R. Bankr. P. 9014(c).

The Creditor asserts that Rule 15 of the Federal Rules of Civil Procedure should apply to this contested matter by virtue of Rule 7015 and Rule 9014 of the Federal Rules of Bankruptcy Procedure.  Rule 15(a) provides in part that before trial, a party may amend its pleadings "once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  Consequently, if Rule 15 were to apply at this stage in the contested matter, the Debtor's Second Amended Objection would likely violate Rule 15 because the Debtor received neither the Creditor's written consent nor leave of the Court to amend the pleadings.  The Creditor urges the Court to apply Rule 15 and deem the Debtor's Second Amended Objection improperly filed, thereby leaving the Amended Objection as the proper pleading before the Court.  The Creditor thus contends that because the Debtor's Amended Objection disputes only damages and not liability, it is entitled to summary judgment on the issue of liability.

Although Rule 9014 does not specifically incorporate Rule 7015, Rule 9014 provides that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."  Fed. R. Bankr. P. 9014(c). Therefore, while application of Rule 7015 to contested matters is not

mandated by Rule 9014, the Court has discretion to apply Rule 7015 if warranted.  Fed. R. Bankr. P. 9014; *see In re MK Lombard Group I, Ltd.*, 301 B.R. 812 (Bankr. E.D. Pa. 2003); *In re Best Refrigerated Express, Inc.*, 192 B.R. 503 (Bankr. D. Neb. 1996); *In re Stavriotis*, 977 F.2d 1202 (7th Cir. 1992).

While courts have applied Rule 7015 to contested matters in the context of an amendment to claim, *In re MK Lombard Group I, Ltd.*, 301 B.R. 812; *In re Best Refrigerated Express, Inc.*, 192 B.R. 503; *In re Stavriotis*, 977 F.2d 1202; *In re Blue Diamond Coal Co.*, 147 B.R. 720, (Bankr. E.D. Tenn. 1992), the Court notes the dearth of cases in which courts have applied Rule 7015 in the context of an amendment to objection to claim.  The Court finds no cause to apply Rule 7015 at this stage in this contested matter.  Applying Rule 7015 to render the Debtor's Second Amended Objection improperly filed serves no practical or equitable purpose.

Although the better practice is to seek leave of the Court to amend a pleading, the Court deems the Debtor's Second Amended Objection properly filed.  The slight delay caused by the Debtor filing the Second Amended Objection does not prejudice the Creditor, particularly because the parties have not completed discovery. Furthermore, even if the Court were to apply Rule 7015, the same result would be achieved.  In applying Rule 7015, the Court would deem the Second Amended Objection improperly

6

filed and require that the Debtor file a motion seeking leave of the Court to amend the pleading.  Once the Debtor filed such motion, the Court would grant the requested relief in order to address the merits of the Debtor's objection to claim.  *See In re Drexel Burnham Lambert Group, Inc.*, 159 B.R. 420, 425 (S.D.N.Y 1993)("Amendments [to pleadings] are favored as a general matter, . . . in order to facilitate a proper decision on the merits." (*quoting McAllister Bros., Inc. v. Ocean Marine Indemnity Co.*, 742 F. Supp 70, 80 (S.D.N.Y. 1990)).  Moreover, as noted above, the Creditor would not be prejudiced by permitting a second amendment because the parties have not completed discovery.  *See In re Brown*, 159 B.R. 710, 714 (Bankr. D.N.J. 1993)("[T]he purpose of Fed. R. Civ. P. 15 is to avoid the elevation of form over substance and 'to facilitate the amendment of pleadings except where prejudice to the opposing party would result.'" (*quoting United States v. Hougham*, 364 U.S. 310, 316 (1960)).  As a result, in this case, the only practical consequence of applying Rule 7015 is unnecessary delay.

**B.    Creditor's Motion for Partial Summary Judgment**

Section 502(a) of the Bankruptcy Code states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Additionally, "[a] proof of claim

executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The Creditor thus asserts that because its proof of claim constitutes prima facie evidence of the validity of Claim No. 2, and the Debtor's Amended Objection does not dispute liability, it is entitled to summary judgment as to liability. However, because this Court deems the Debtor's Second Amended Objection, which disputes both liability and damages, as properly filed, the Creditor's argument is moot.

Rule 56(c) of the Federal Rules of Civil Procedure provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1] Based on the record before the Court, the Court finds there are genuine issues of material fact in dispute as to the Debtor's liability and damages under Claim No. 2. Therefore, summary judgment as to liability is not appropriate and an evidentiary hearing is necessary.

## **CONCLUSION**

For the reasons stated above, the Court denies the Creditor's Motion for Partial Summary Judgment as moot.

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to contested matters by virtue of Rule 7056 and Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## ORDER

The Court, having reviewed the applicable law, the submissions of the parties, and having been otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that the Creditor's Motion for Partial Summary Judgment is **DENIED** as moot.

### ###

Copies furnished to:

Melanie H. Cabot
2295 South Ocean Blvd Unit 403
Palm Beach, FL 33480

Marc P. Barmat, Esq.

Brett M. Amron, Esq.

United States Trustee

Marc P. Barmat is directed to serve a copy of this order on all interested parties not listed above and to file a certificate of service with the Court.